## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL ROY,**

      **Plaintiff,**        :

                            **Case No. 2:23-cv-01362**

      v.                      **Judge Sarah D. Morrison**

                            **Magistrate Judge Kimberly A.**
                            **Jolson**

**MENARD INC.,**

                          :

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Menard Inc.'s Response to the

Court's Order to Show Cause and Plaintiff Michael Roy's Reply. (ECF Nos. 4, 5, 7.)

For the reasons stated below, the matter is **REMANDED** to the state court.

## I. BACKGROUND

Mr. Roy brought his personal injury action in Franklin County Court of

Common Pleas on March 31, 2023. (ECF No. 1-1.) In his Complaint, Mr. Roy

"demands judgment against the Defendant in an amount not less than $25,000.00

in compensatory damages, plus reasonable attorney fees, and the cost of this

litigation including, but not limited to court costs, and such other relief as the Court

deems proper." (ECF No. 2.)

On April 18, 2023, Menard removed the action on the basis of diversity

jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Menard postulated that "Plaintiffs

[sic] have demanded attorney fees against Defendant. As a result, the amount in

controversy is clearly in excess of $75,000." (*Id.* ¶ 8.)

On April 25, 2023, this Court put on a Show Cause Order stating:

A review of the Notice of Removal and Complaint suggests that the requisite amount-in-controversy requirement may not be met. (ECF No. 1, 2.) The general rule is that attorney fees do not count toward the amount in controversy unless they are provided for by contract or statute. *Benit v. Mercedes-Benz USA, LLC*, No. 2:06- CV-0336, 2006 WL 3500008, at *2 (S.D. Ohio Dec. 5, 2006) (Holschuh, J.) (citing *Federated Mutual Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 n. 4 (11th Cir. 2003)).

Defendant is ORDERED to SHOW CAUSE within fourteen days of the date of this Order as to why this action should not be remanded to state court for lack of subject matter jurisdiction.

(ECF No. 4) (footnote omitted). In response to this Court's Show Cause Order, Menard argues Mr. Roy's complaint "pleads serious and permanent injuries which supports an amount in controversy greater than $75,000.00." (ECF No. 5, PageID 33.) Alternatively, Menard asks that the Court for limited discovery directed at Mr. Roy's medical records and conditions. (*Id.* PageID 35.)

The Court gave Mr. Roy ten days to reply (ECF No. 6), and Mr. Roy, through his counsel, timely filed a Stipulation "agree[ing] to stipulate that damages with regard to the amount in controversy for this personal injury suit, does [sic] not exceed $75,000.00." (ECF No. 7-1.) Mr. Roy also states in his Reply that he "will not seek or accept damages to exceed $75,000.00." (ECF No. 7.)

## II.    ANALYSIS

The diversity statute requires that "the matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Generally, the amount claimed by the plaintiff in the complaint controls, as long as claimed in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

2

288 (1938); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989) (federal court's jurisdiction ordinarily depends "on the facts as they exist when the complaint is filed"). If a case arrives to federal court by removal, the existence or nonexistence of the amount in controversy required for subject matter jurisdiction purposes is determined on the basis of the facts as of the time the action arrives from state court. *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015).

To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem.*, 303 U.S. at 289; *see Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (quoting *St. Paul Mercury Indem.*, 303 U.S. at 289). Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence. *See St. Paul Mercury Indem.*, 303 U.S. at 287 n. 10; *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); 15A Moore's Federal Practice § 102.107[1] (3d ed. 2023).

When it is "not 'facially apparent' that the plaintiff's claim will exceed the requisite amount in controversy" courts have examined "attorney affidavits, stipulations as to damages, and what has been termed summary-judgment-type evidence to help them assess the actual amount in controversy." *See* 14AA Fed. Prac. & Proc. Juris. § 3702.4 (Wright & Miller) (4th ed. Apr. 2023 Update). Courts distinguish between subsequent events that cannot destroy subject matter

jurisdiction and later revelations "that, in fact, the required amount was or was not in controversy at the commencement of the action." *Jones v. Knox Expl. Corp.,* 2 F.3d 181, 183 (6th Cir. 1993); *see Holland v. Lowe's Home Centers, Inc.*, 198 F.3d 245 (6th Cir. 1999) (explaining how the *Jones* Court distinguished between subsequent events and later revelations); *see Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) (once jurisdiction has attached to removed case, plaintiff cannot reduce his or her claim by stipulation to destroy jurisdiction; but court may allow plaintiff to clarify his or her complaint to help court evaluate jurisdictional facts existing at time of removal if complaint was ambiguous).

Here Mr. Roy's removed complaint is ambiguous as to the amount in controversy, simply stating that he demands judgment in an "amount not less than $25,000.00 in compensatory damages." (ECF No. 2.) But Mr. Roy's Stipulation resolves the matter, clarifying that the damages in the case do not exceeding $75,000. (ECF No. 7-1); *see Sanders v. Print Fulfillment Servs., LLC*, No. 3:17CV-245-CRS, 2017 WL 2624550, at *3 (W.D. Ky. June 16, 2017) (plaintiff's stipulation that she would seek damages under jurisdictional amount was enough to defeat removal). As this Court explained in the Show Cause Order (ECF No. 4), the general rule is that attorney fees do not count toward the amount in controversy unless they are provided for by contract or statute. *Benit*, 2006 WL 3500008, at *2 (citing *Federated Mutual Ins. Co.*, 329 F.3d at 808 n. 4). Menard references no such contract or statute in its Response. (ECF No. 5.) Given Mr. Roy's Stipulations, the matter is properly remanded. *See Jones*, 2 F.3d at 183 ("No subsequent event

4

changed the amount in controversy; rather, subsequent discovery of the true amount led to the plaintiffs' commendable disclosure to this court. Because there was never more than $50,000 in controversy, the district court lacked subject matter jurisdiction over this action.").

## III.    CONCLUSION

This case is **REMANDED** to state court for lack of subject matter jurisdiction.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**